ON .APPLICATION FOR REHEARING
PER CURIAM.
In a per curiam decision without reasons, we affirmed a judgment of the trial court after finding no legal error in its ruling which granted a summary judgment and dismissed plaintiff’s suit for physical injury against Total Sulfide and its insurer. 624 So.2d 50. Plaintiff filed this application for rehearing which we feel should be addressed for the reasons that follow.
The facts show that Dixie King, plaintiff’s half sister, lost control of her automobile *971 when she swerved to avoid a dead dog lying in the left, eastbound lane of Interstate 12 in St. Tammany Parish. When King swerved to the right and crossed the right lane of traffic, she left the traveled portion of the highway and struck a truck owned by Total Sulfide which was parked on the shoulder of the highway, completely off the traveled portion. Plaintiffs minor daughter, Laurie Har-ang, was a guest passenger in King’s car, and plaintiffs suit is to recover damages suffered by her daughter. The only defendants pertinent to this appeal are Total Sulfide and its insurer.
The facts are not disputed. Total Sulfide’s truck was off the traveled portion of the highway on the shoulder. It had broken down and was left on the shoulder on the Friday after Thanksgiving in 1987. The wreck was on Monday, November 30, 1987, around 7:30 a.m., before defendant returned to move the truck.
During arguments on the motion for summary judgment, the court made this very cogent comment:
The big problem I have is leaving that vehicle there for four days which may then have breached a duty to the general traveling public to maintain that lane free and clear and open for emergency situations such as avoiding a dead dog in the middle of the road.
The court, however, then granted the summary judgment for the reasons stated in defendant’s brief. Succinctly, the major premise of defendant’s brief was that Total Sulfide had no duty to plaintiff because the language of Louisiana Revised Statute 32:141 did not impose a statutory duty on defendant’s driver to comply with its requirements.
The only statutory duty discussed is that emanating from Revised Statute 32:141. However, another statutory duty also is applicable to these facts. Revised Statute 32:296 provides:
A. No person shall stop, park, or leave standing any unattended vehicle on any state highway shoulder when such stopping or parking on the highway shoulder shall obstruct the flow of traffic or is a hazard to public safety, unless such stopping, parking, or standing is made necessary by an emergency, except:
(1) In those areas designated as parking areas by the Department of Transportation and Development, or
(2) By any public utility personnel or public utility equipment engaged in the operation of the utility business, public vehicles owned by public bodies which are engaged in the conduct of official business, or privately-owned vehicles which are engaged in services authorized by the local governing authority.
B. In case of an emergency, the driver of such vehicle must operate it in accordance with the normal standards of prudent conduct to protect himself and others from harm.
This statute creates a statutory duty. Among other things, it proscribes stopping, parking, or leaving unattended any vehicle on any state highway shoulder when it “is a hazard to public safety.” In Suhr v. Felter, 589 So.2d 583 (La.App. 1st Cir.1991), writ denied, 590 So.2d 596 (La.1992), the trial court’s finding of fact that Felter’s vehicle did not obstruct the flow of traffic and was not a hazard to public safety was affirmed by us. We pointed out therein that parking on the shoulder of a highway under ordinary circumstances does not constitute fault. We must emphasize that therein we were dealing with whether there had been a breach of the legal duty imposed by Revised Statute 32:296, and the fact finder had adjudicated the facts after a full trial. Here, we are dealing with summary judgment. There has been no determination of whether there was a breach of duty to ensure that the disabled vehicle was not a hazard to public safety.
Accordingly, for these amplified reasons, we reverse the decision of the trial court which dismissed plaintiffs suit and remand the case to the trial court for further proceedings in accordance herewith.
All costs of this appeal are taxed to defendant.
REHEARING GRANTED. REVERSED AND REMANDED.